# CHARLESTOWNₓ

## HEDRICK'S ADMR. *v.* HOPKINS.

### August 15, 1874.

1. In a chancery suit against the committee of a lunatic, where relief is sought against the sureties in his official bond, all the sureties, in said bond are necessary parties.

2. When all of said sureties are made parties in the summons and in the bill, and no process has been served upon some of them, it is error to decree against the others, until all have been properly convened before the court.

1874.
August Term.

8   167
56   64

This was an appeal from a decree of the circuit court of Pendleton county, rendered on the 17th day of November, 1871.

At November rules, 1871, Elizabeth Hedrick, who was an insane person, and sued by her son and next friend, Adam Hedrick, filed her bill in the clerk's office of said circuit court alleging that she was a widow and that she was a daughter of George Kile, then deceased leaving a considerable estate, to which she was entitled, as such daughter; but that the court, deeming her incapable of managing said estate, appointed one Laban Smith as her committee, who qualified as such; that thereafter the said Smith, and before the late war, resigned as such committee, and that he was then dead; that George A. Lough qualified as the executor of said Smith; that in the year 1860, Cyrus Hopkins was appointed, by the county court of said Pendleton county, committee in place of said Smith, and that he

qualified as such committee; that said Hopkins received a considerable sum of money from the estate of said Kile and came into possession of considerable real and personal estate of complainant; that complainant is without the necessaries of life; and praying that said Hopkins, and Lough, as said executor, may be made defendants to the bill and an exhibit and settlement made of the accounts of said Smith and Hopkins. There were other allegations and charges in the bill, but it is unnecessary to set them forth here.

The process was awarded against Hopkins and served on him alone.

Several decrees for an account, and merely formal decrees, were entered in the suit prior to the 6th day of May, 1871, when the complainant, Daniel H. Acrey, as administrator of said Elizabeth Hedrick, she having died during the pendency of the suit and the same having been revived in his name as such administrator, sued out of the clerk's office of the circuit court of said county a subpœna against George W. Dice, Jacob F. Johnson, David C. Anderson, John E. Wilson and Benjamin Hiner to answer an amended bill filed against them. The process appears to have been served on all the defendants named therein except Dice and Anderson, who were returned non-residents of the county.

The amended bill, after setting forth the substance of the original bill and the proceedings, theretofore had thereon, alleged that said Laban Smith, Dice, Johnson, Anderson, Wilson and Hiner, were the sureties of said Hopkins, as such committee, and prayed that they be made parties to said amended bill.

At the November term, 1871, of said circuit court, the record states that "the defendants" appeared and pleaded that the proper parties had not been made to said suit and brought before the court; that said Dice who held real estate in said county and Anderson, who resided therein, were necessary parties to said amended

bill and that they had not been made parties thereto and brought before the court.

At the same term the said Johnson, Wilson and Hiner, demurred to the said amended bill as insufficient in law, and alleged that the said Hopkins, Lough, as executor as aforesaid, and said Dice and Anderson were necessary parties to said suit, and that they had "not been, properly, brought before the court, under and upon said amended bill."

Subsequently Lough appeared and asked to be made a party defendant, which was ordered to be done; and he thereupon filed his answer as such executor.

Several accounts and considerable testimony were taken in the suit, but in the view taken of the suit, by this Court, it is not deemed necessary to here set it forth, or further allude to the same.

At the November term, 1871, of said court, the cause came on again to be heard, on the papers formerly read, the proceedings thereinbefore "had upon the amended bill set for hearing as to the defendants Johnson, Hiner and Wilson, (the cause being discontinued as to the defendants Dice and Anderson who are returned by the sheriff as non-residents,) the answer of Lough, the executor of Smith, with the replication thereto; the demurrer and plea aforesaid; the report of Commissioner McClung, with the exceptions thereto and depositions of witnesses, &c.," whereupon the court overruled the said demurrer and plea, and, also, several exceptions taken to the report of the commissioner and sustained several of the exceptions.

The court then proceeded to correct the report in several particulars not necessary to mention here, and, from an inspection of the same, ascertained that the amount due complainant, exclusive of the sum of $500, for which judgment was rendered, by said circuit court at its November term, 1870, to be the sum of $2,502.29, aggregate of principle and interest, as of November 17,

22

1871; and a decree was rendered for that sum against the said Hopkins, Johnson, Wilson and Hiner, personally, and said Lough, as executor as aforesaid, payable out of the assets of his testator in his hands to be administered, and also for costs of suit and attorney's fee of $30. And leave was given to sue out executions for the amounts decreed as aforesaid.

From this decree the said Hopkins, committee as aforesaid, has appealed to this Court.

The Hon. Joseph T. Hoke, judge of said circuit court presided at the hearing below.

*George A. Blakemore,* for the appellant.

*John C. Woodson,* of Virginia, for the appellee.

PAULL, JUDGE:

The original bill in this case was filed by the plaintiff against defendant, as her committee, in the circuit court of Pendleton county, in the year of 1867.

In April, 1871, the plaintiff having departed this life, her administrator, Daniel H. Acrey, obtained leave of the court, to file an amended bill, making the sureties of the defendant Hopkins, in his bond as committee, parties to this suit. Accordingly, a summons was sued out of the clerk's office of the circuit court of said county, directing George W. Dice, Jacob F. Johnson, David C. Anderson, John E. Wilson and Benjamin Hiner to be summoned to answer the plaintiff's amended bill. The process was returned executed upon three of the above named parties; but as to two of them, to-wit: George W. Dice and David C. Anderson, the return shows that they were not residents of said county, and were not found. In June, 1871, the amended bill was filed, praying that all of the above named persons, in said process mentioned, be made parties defendant, and that they be decreed to pay to the plaintiff, whatever may be found due to the estate of his intestate.

The defendants filed a demurrer and a plea, alleging

that said George W. Dice and David C. Anderson, (two of the sureties of said Hopkins) are necessary parties, and that the same are not parties, and not before the court.

The court subsequently directed an account to be taken of the amount due from the defendant Hopkins to the plaintiff's intestate, which account was taken and returned with exceptions: And in November, 1871, a final decree was rendered in the cause, overruling the demurrer and plea of defendants, and discontinuing the cause as to said defendants Dice and Anderson, and directing that the plaintiff recover of defendant Hopkins, Wilson, Johnson and Hiner, personally, and of George A. Lough, executor of said Laban Smith, the sum of $2,502.29, and the costs of suits, including an attorney's fee of $30.

From this decree, the defendant Hopkins has taken his appeal to this Court. In this aspect of the case, the material question presented for consideration is that connected with the making of the requisite or necessary parties and the proper maturing of the case for hearing.

When it was proposed to make the sureties of defendant Hopkins, in his official bond, parties to the suit, it was necessary that all of said sureties, and not some of them only, should be made parties, unless at least sufficient reason is shown for not doing so. It was so held in the case of *Hutcherson v. Pigg*, 8 Gratt. 220. The syllabus recites: "All the sureties in the official bond of an executrix, should be parties to a suit by legatees for distribution, or a sufficient reason should be shown for failing to make them parties, before a decree is made against one of them."

In the case before us, however, so far as we know, all of the sureties of defendant Hopkins were made parties in the process and in the plaintiff's amended bill; but on two of them, to-wit: Dice and Anderson, the process was not served, the sheriff returning that they were "not inhabitants of his county, and not found;" and as

to them, by the decree of the court, the cause was discontinued, and a decree rendered against the other sureties for the payment of money.

The eighth section of chapter one hundred and twenty-five of the Code provides when an officer may return a defendant named in a summons a non-resident; and provides further that if the court from which such process issues has jurisdiction of the case only on the ground of such defendant's residence in such county, the action or suit shall abate as to him. But this section does not apply to the present case, the court having jurisdiction of the same, and over these parties; without regard to residence of the parties in the county.

In the case of *Edward Bland, Admr. of E. Bland v. John and Agnes Wyatt*, 1 H. & M., 543, a bill was filed on behalf of certain infants against the heirs of their guardian, who died intestate, the sheriff to whom his estate was committed (no administrator having qualified), his surviving security in the bond given for the performance of his duty as guardian and the administrator of the security as co-defendants. No process having been served on a part of the heirs, nor on the surviving security, a decree against the administrator of the deceased security was held to be erroneous, because there were not proper parties convened before the court; and the decree was reversed and the cause remanded for further proceedings; the decree of the Supreme Court reciting that the decree of the court below "was erroneous in proceeding to a hearing of the said cause before all the defendants had been properly proceeded against." The case before us is precisely similar in its facts to the case here cited, and the decree of the circuit court of Pendleton county must, for the same reason there expressed, be held erroneous.

The defendant Hopkins has alone appealed to this Court, but the other defendants, the sureties in his official bond, have claimed the benefit of that appeal, and seek to have the decree complained of reversed.

As the case must be remanded for further proceedings, and that the same may properly matured, no other questions seem fairly to arise for further determination at this time.

The decree of the circuit court, made on the 13th day of November, 1871, is hereby reversed, with costs to the appellant, and this case is remanded to the circuit court of Pendleton county for further proceedings to be had therein, according to the principles governing courts of equity.

Haymond, President, and Hoffman, Judge, concurred.

Absent, Moore, Judge.

·DECREE REVERSED AND SUIT REMANDED.